IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KALLED SAM HASSEN JAHA,<br><br>Defendant. | Cause No. CR 21-76-GF-BMM<br><br><br><br>ORDER |

## INTRODUCTION

Defendant Kalled Sam Hassen Jaha ("Jaha") filed a motion for compassionate release on October 4, 2023. (Doc. 31.) Jaha's counsel filed an amended brief in support of Jaha's motion on December 19, 2023. (Doc. 35.) Jaha contends that the conditions at Federal Correctional Institution ("FCI") Sheridan constitute extraordinary and compelling circumstances for reducing his sentence. (Doc. 31 at 1.) Jaha cites frequent lockdowns, understaffing, and limited access to programming as conditions warranting a reduction of his sentence. The Government notes that Jaha has completed several program courses while at FCI Sheridan and has reduced his likelihood of recidivism from "high" to "medium." (Doc. 36 at 8.) The Government contends that reducing Jaha's sentence because of his inability to begin

1

the RDAP program complies with neither 18 U.S.C. § 3582(c)(1)(A)(i) nor the sentencing factors set forth in 18 U.S.C. § 3553(a).

## FACTUAL BACKGROUND

The Government charged Jaha for Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 2.) Law enforcement contacted Jaha after a vehicle pursuit and located him in possession of 22 oxycodone pills, two cell phones, $685, and 16.397 grams of actual methamphetamine. (Doc. 19 at 3–5.) Jaha pleaded guilty to the offense on March 16, 2022. (Doc. 21.) The Court calculated Jaha's guideline custodial range as 77 to 96 months based on a total offense level of 21 and a criminal history category of VI. (Doc. 29 at 1.) The Court sentenced Jaha to the custody of the Bureau of Prisons ("BOP") for a period of 72 months, with 5 years of supervised release to follow. (Doc. 28.)

Jaha has served approximately 25 months, which constitutes approximately 35 percent of his term of imprisonment. Jaha's projected release date is May 19, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed January 12, 2024). Jaha is incarcerated at Sheridan FCI in Sheridan, OR. *See id.* Jaha has completed five courses while incarcerated and began an additional four courses towards the end of 2023. (Doc. 36-2 at 3; Doc. 36-3.) Jaha also remains on the waitlist for several programs including anger management, occupational education,

and a parenting course. (Doc. 36-2 at 3.) Jaha's BOP record notes the judicial recommendation that he participate in RDAP. (*Id.*)

## DISCUSSION

### I.     Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy

statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG §

4

1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

### A. Exhaustion of Remedies

A question exists as to whether Jaha exhausted his administrative remedies as required before filing his motion for compassionate release. The Government contends that no prior compassionate release request from Jaha exists in the BOP's database. Jaha submitted a copy of a letter addressed to the warden at FCI Sheridan. (Doc. 31-1.) The letter requests a sentence reduction and appears to have been written on July 28, 2023. (*Id.*) The Court recognizes the Government's position that the warden at FCI Sheridan never received this request. Whether Jaha exhausted his

5

remedies proves immaterial. The Court determines that Jaha has failed to establish extraordinary and compelling reasons for a sentence reduction and that a sentence reduction would not comport with the § 3553(a) factors. The Court will treat Jaha's motion as if he had exhausted his remedies.

### B. Reason for Release

Jaha asserts two grounds in support of his motion for a sentence reduction. Jaha mentions medical circumstances and briefly cites to an ankle and shoulder injury. (Doc. 35 at 3.) Jaha fails to provide any medical records or other evidence to substantiate these alleged injuries or to allow the Court to determine the severity of the medical conditions. Accordingly, Jaha has failed to establish that his individual medical circumstances constitute extraordinary and compelling reasons for a reduction of his sentence.

Jaha also fails to establish other circumstances that warrant a reduction in his sentence. Jaha argues that his sentence at FCI Sheridan has proven harsher than the Court could have anticipated when sentencing him. (Doc. 35 at 2–3.) Jaha cites a letter from U.S. Senators Ron Wyden and Jeffrey Merkley pertaining to staff shortages at FCI Sheridan. (Doc. 31-1.) That letter indicates that FCI Sheridan remains approximately 56 correctional staff short, including 27 correctional officers. (Doc. 31-1 at 1.) Jaha further contends that due to staffing shortages and other

consequences of the COVID-19 pandemic, inmates at FCI Sheridan often are placed on lockdown. (Doc. 31 at 1, 3.) Jaha also cites to medication shortages, reduced ability to exercise, food shortages, a lack of medical care, a lack of educational and other programming, and "a general inability to manage the number of inmates in Sheridan FCI's care." (*Id.* at 1, 3.)

Other district courts have rejected these grounds for failure to rise to the level of extraordinary and compelling. The District Court in Oregon addressed a defendant's motion to reduce his sentence based on the conditions in FCI Sheridan in *United States v. Walker*. No. 1:16-CR-00411-MC, 2024 U.S. Dist. LEXIS 5920, at *3–4 (D. Or. Jan. 11, 2024). The district court acknowledged the claims that the COVID-19 pandemic had caused harsh conditions at FCI Sheridan. *Id.* at *3. The district court noted, however, that "complaints any inmate could have about prison conditions—do not rise to the level of extraordinary and compelling circumstances." *Id.* (internal quotation marks omitted).

District courts in Washington, Alaska, and California similarly have rejected the argument that the generalized prison conditions at FCI Sheridan constitute extraordinary and compelling reasons for a sentence reduction. *See United States v. Hernandez-Hernandez*, Case No. CR21-32RSM, 2023 U.S. Dist. LEXIS 163668, at *9–10 (W.D. Wash. Sept. 14, 2023); *United States v. Arndt*, Case No. 3:17-cr-

7

00088-TMB; Case No. 3:17-cr-00091-TMB, 2022 U.S. Dist. LEXIS 232745, at *6–7 (D. Alaska Dec. 28, 2022); *United States v. Zapien*, Case No.: 21CR2513-JO, 2023 U.S. Dist. LEXIS 209466, at *3–5 (S.D. Cal. Nov. 22, 2023).

The COVID-19 pandemic caused many difficulties for the prison system, several of which continue to linger. The Court remains sympathetic to the hardships faced by inmates, especially during and after the COVID-19 pandemic. The conditions fail to rise, however, to the level of extraordinary and compelling circumstances. "[G]eneral conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *Hernandez-Hernandez*, 2023 U.S. Dist. LEXIS 163668, at *10 (internal quotations omitted).

Jaha has failed to explain how the allegedly poor conditions at FCI Sheridan personally have impacted him besides potentially affecting his ability to receive the full benefit of the RDAP program. (Doc. 35.) The Court again sympathizes with Jaha's frustration with the limited programming being offered at FCI Sheridan and the backlog for the RDAP program. Unfortunately, many inmates share in that experience given the limited resources of the BOP. *See United States v. Wheeler*, Case No. 2:18-cr-00362-DCN, 2022 U.S. Dist. LEXIS 227090, at *6–7 (D. Idaho Dec. 15, 2022); *United States v. Lee*, Case No.: 21-CR-00070-DMS-1, 2023 U.S.

8

Dist. LEXIS 194431, at *7–8 (S.D. Cal. Oct. 30, 2023); *Arndt*, 2022 U.S. Dist. LEXIS 232745, at *6; *see also Eligibility and Capacity Impact Use of Flexibilities to Reduce Inmates' Time in Prison*, United States Governmental Accountability Office, https://www.gao.gov/assets/gao-12-320.pdf (Feb. 2012). Moreover, "the BOP is afforded 'broad discretion' in managing its facilities and inmates," and the Court "lack[s] authority to compel the BOP to place defendants in particular programs." *Lee*, 2023 U.S. Dist. LEXIS 194431, at *8 (quoting *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996). The Court finds that no extraordinary or compelling reasons exist to warrant a reduction of Jaha's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Section 3553(a) Factors

Even if the Court did find extraordinary and compelling reasons for reducing Jaha's sentence, the Court still would have to determine whether the requested reduction would comport with the § 3553(a) factors. Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

  Jaha committed a non-violent drug offense. The Court found Jaha guilty of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). Jaha possessed approximately 16 grams of actual methamphetamine at the time of his arrest. This quantity constitutes a relatively small amount of methamphetamine, but the Court already took that factor into account when sentencing below Jaha's calculated guideline range of 77 to 96 months. (Doc. 29 at 3; Doc. 19 at 5.) Jaha's offense conduct also involved two separate police pursuits in which Jaha fled both by vehicle and on foot. (Doc. 19 at 3–5).

  Jaha has a long history of criminal activity. His prior convictions placed him in criminal history category VI, the highest category. Four of Jaha's prior convictions related to the distribution of drugs. (Doc. 30, ¶¶ 27–35.) One of those convictions involved the smuggling of controlled substances into a correctional

facility. (*Id.*, ¶ 34.) Jaha's history of drug distribution in Montana strongly weighs against a reduction in Jaha's sentence, especially considering Montana state district courts' failed attempts to curb Jaha's criminal behavior with more lenient suspended sentences.

The Court's original sentence of 72 months adequately reflects the seriousness of the offense and protects against unwarranted sentencing disparities. The Judicial Sentencing Information statistics at the time of Jaha's sentencing showed a median sentence length of 77 months and an average sentence length of 69 months for defendants with the same primary guideline, offense level, and criminal history category. (Doc. 30 at 26.) Jaha's sentence of 72 months falls between the average and median sentence lengths for similarly situated offenders.

The Court recognizes the rehabilitative progress that Jaha has made. Jaha has received only one write up throughout his time with the BOP and has participated in several courses aimed at reducing recidivism. (Doc. 36-2 at 3.) The Court also recognizes, however, that Jaha continuously had been under some form of government supervision since 2006 until the time of the instant offense. That supervision failed to deter Jaha's criminal activity. The Court remains hopeful that Jaha's sobriety and the courses in which Jaha has participated have helped deter him from future criminal activity. The Court finds, however, that a reduction of Jaha's

11

sentence at this time would not comport with the § 3553(a) factors.

## CONCLUSION

Jaha has failed to demonstrate that extraordinary and compelling reasons exist for reducing his sentence. Jaha further has failed to show that a reduction of his sentence would be consistent with the § 3553(a) factors. The Court will deny Jaha's motion for compassionate release.

## ORDER

Accordingly, **IT IS ORDERED** that Jaha's motion for compassionate release (Doc. 31; Doc. 35) is **DENIED.**

DATED this 16th day of January, 2024.

_____

Brian Morris, Chief District Judge
United States District Court